HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ELIZABETH AITKEN, et. al.<br>Plaintiffs,<br><br>vs.<br><br>CITY OF ABERDEEN,<br><br>Defendant | Case No.: 3:19-cv-05322-RBL<br><br>DEFENDANT'S<br>AMENDED OPPOSITION TO PLAINTIFFS'<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER |

Comes now City of Aberdeen ("City"), by and through its counsel M. Patrice Kent, to respectfully submit this Amended Opposition to Plaintiffs' Motion for a Temporary Restraining Order ("TRO Order") pursuant to Order of this Court issued this morning, May 2, 2019 at approximately 11:00 am (*Docket No. 32)*; Defendant received service shortly after 3:30 pm on Monday April 29, 2019.

## 1. INTRODUCTION

Plaintiffs wildly speculate on enforcement of existing ordinances that is either barred or whose non-enforcement would create a danger to Plaintiffs and the public as a whole. They then

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 1
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

extrapolate a parade of horribles that will necessarily result from prohibiting public access to a nonpublic forum that is undisputedly unsafe. Plaintiffs' apparent solution to the unsafe conditions at the River Street property is for the City to develop the property as a formal homeless encampment and fence campers in to the site (see generally *Docket No. 11*, p 21, lines 18-24; p 22, lines 7-10; *Docket No.17*, para 18,19). The underlying assumption appears to be that there are no conditions under which the City may prohibit public access to its own property, regardless of whether it is or is not a public forum, and regardless of the dangers imposed to individuals on the property or the broader public served by the City.

Plaintiffs discount the City's life safety, public safety and public welfare concerns stating instead that the City's elected officials are crying "crocodile tears." (*Docket No. 11*, p.2, line 10) They assert that there is a concerted effort to remove and restrict not only unsheltered individuals from being in Aberdeen, but "poor people" in general. (*Docket No. 11*, pp 14-23). This is based primarily on a few unattributed comments (*Docket No. 17*. para 7-12) and one specific public official who expressed concern about the extent of the unsheltered population – nationwide and statewide – and where those individuals will end up (*Docket No. 19*, para. 3).

On its simplest terms, both Plaintiffs' Complaint, and the instant Motion for Temporary Restraining Order, demand the City take no *future* action at the River Street property or on its existing Public Camping code or on its Obstruction of Streets and Sidewalks code sections until and unless the City identify alternative shelter for all licensee/campers – and although it is not clear, Plaintiffs may be demanding that for the entire unsheltered population of the City.

This demand, although framed as predicated on *Martin v. Boise* (902 F.3d 1031 (9th Cir. 2018), *amended and superceding opinion on denial of rehearing*, ___ F3d. ___ (April 18, 2019))

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 2
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

goes far beyond the narrow construction of the case and flies into the dissent's seemingly over-reaching extreme of not being able to enforce basic life safety and public safety considerations. (see e.g., ("J Smith stated that the panel's reasoning will soon prevent local governments from enforcing a host of other public health and safety laws." (*Id.*, at 10)).

## 2. LIFE SAFETY, PUBLIC SAFETY, PUBLIC WELFARE CONCERNS

Plaintiffs utterly discount the life safety, public safety and public welfare concerns at the River Street property. They claim only that they have not *personally* felt endangered due to the proximity of the rail tracks – because the trains "move very slowly". (*Docket No. 17*, para 15), and do not address any other concerns including sanitation and utilities, access, or zoning restriction (*Bill 19-05,* Section 2 (Exhibit C)).

Plaintiffs also admit to driving across the tracks, but insist they are careful and had "never heard" of damage to railroad equipment (*Id.,* para 20). The railroad does not report damage to its tracks and other equipment to member of the general public, they report to police, fire and emergency planners and professional engineers who are able to assist in the control of such damages and who are first responders in the event of a catastrophic event. (*Hubbard Declaration*, para 3, 17, 18; *Shumate Decl.*, para 27, 29)

The fact that Plaintiffs claim to have never heard of such incidences does not make them disappear, but it does speak highly of the effective response that protects our entire community.

Treatment by the Plaintiffs of the most tragic incident that the City points to when illustrating the dangers of the River Street property is utterly inconsistent with their narrative of a close, caring, family environment. As the Court is aware, in May of 2018 a woman was crossing the tracks and became caught under one of those slow-moving trains that "are very easy to avoid

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 3
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

being hit [by]". (*Docket No. 11*, p 22, line 16). Rather than acknowledging the life-threatening and life changing tragedy that resulted in her losing both of her legs, Plaintiffs dismiss the incident as an "injury" to a woman who was "delusional" (*Docket No. 17*. para 13 – 14). The information provided in this filing does not appear to have been reported to the police or medical investigators for follow-up, (*Hubbard Decl.*, para 27) and the Plaintiff declarant does not seem overly troubled by the outcome. One of the Plaintiffs, Shawna Baker, was reported in the Daily World as saying that she was the first on the scene; the newspaper report did not include any mention of the woman's mental health and clearly described the near tragedy of the incident (http://www.thedailyworld.com/news/womans-legs-severed-by-train-in-accident-near-aberdeen-homeless-camp/ (*last visited April 30, 2019*)).

As Plaintiffs noted, there is an earlier proceeding related to this property (*Monroe ...*) In that proceeding, "[t]he Parties **agree that there are** serious life-safety, public safety and public welfare concerns **exacerbated by the fact that homeless people are living on the property**." (*Monroe, Docket No. 27,* p.1 line 25 through p. 2 line 2 [emphasis added] (Exhibit D)). It is disingenuous at best for Plaintiffs to now claim that the City's action "suddenly came into being for the first time" (*Docket 11,* p 22, line1) with the submission of Bill 19-05. It would be irresponsible for the City to not take action, and it is unreasonable for Plaintiffs to now claim that life safety, public safety, and public welfare concerns exacerbated by the fact of individuals on the property can somehow be addressed by *leaving people on the property.*

Also, as Plaintiffs should be aware, the City Council passed Ordinance 6641 (Exhibit A) that provided nearly identical findings of life safety, public safety, and public welfare concerns on February 12, 2019. Bill 19-01, which became Ordinance 6641 was first introduced at the

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 4
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

January 9, 2019 City Council meeting (*id.*) and subject to the same three readings and public comments and hearing.

Plaintiffs do not dispute that the City issued limited permission for persons camping at the site for a limited period (*Docket No. 13.*, para 11; *Docket No. 14*, para 8; *Docket No. 15.*, para 6) and some Plaintiffs also openly admit that either did not apply for (*Docket No. 12.* para 8), or were denied (*Docket No. 16.*, para 6) permission to reside on the property. None of the Plaintiffs indicate any concern or threat of enforcement of the permit conditions that they would be removed prior to May 1, 2019, whether they actually had the City's permission to be on the property or not. It is clear from the pleading that the campers at the River Camp are not asserting a fear or threat of enforcement of public camping laws, but are instead insisting on the City providing a specific alternative shelter location (see, e.g., *Docket No. 14,* para. 13).

Plaintiffs have not made any reasonable evidence-based assertions that there are not serious life safety, public safety, or public welfare issues at the River Street property.

### 3. *MARTIN V. BOISE* IS NARROWLY DRAFTED

The *Martin* court determined that "as long as there is no option of sleeping indoors, the government **cannot criminalize** indigent, homeless people for sleeping outdoors, on public property." (*Martin* (2019), at 8 [emphasis added]) Boise's ordinances had not taken into account reasons other than shelter capacity for determination of whether there was "available shelter" such as stay limits or religious requirements. In the *en banc* denial, Justice Berzon outlined limitations of the decision such as "that municipal ordinances that **criminalize sleeping, sitting, or lying in *all* public spaces, when *no* alternative sleeping space is available violate the Eighth Amendment**" and "**Nothing in the opinion reached beyond criminalizing** the

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 5
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

biologically essential need to sleep when there is no available shelter" (*Id.,* at 8 [emphasis added]) and "The opinion clearly states that it is not outlawing ordinances 'barring the obstruction of public rights of way …[and] in no way dictate[s] to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets … **at any time and at any place.**' " (*Id.,* at 9 [emphasis added])

Plaintiffs, however, would bar the City's *potential and incomplete* action based on findings of sufficient life safety, public safety and public welfare concerns. Plaintiffs offer no rebuttal other than personal opinions of individuals with no known environmental, scientific, traffic, or engineering risk assessment training. They claim any reasonable police action to protect all members of the public, including campers at the site, are indefensible and in violation of the expressly narrow decision in *Martin*.

Plaintiffs would expand *Martin* to require the City to either impose no restrictions on public camping whatsoever – no matter the location or risk to safety of all participants, or to require the City to provide shelter beds for every single unsheltered individual in Aberdeen. In addition, at least two of the Plaintiffs are adamant that the *only* shelter they will accept is one where they may live together (*Docket No. 14.,* para 13); so now Plaintiffs require not only *some* shelter, but require *specific* shelter. With unlimited resources, and no objection from any other City resident such an outcome may be possible; however, neither of those conditions exists.

Plaintiffs must not be allowed to so broaden *Martin* decision that the City cannot enforce any appropriate public action to protect life safety, public safety and public welfare.

### 4. CITY'S "PUBLIC CAMPING" AND "OBSTRUCTION OF STREET OR SIDEWALK" ORDINANCES ARE CONSTITUIONAL

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 6
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

The City's amended Public Camping Ordinance complies with *Martin*. Despite Plaintiffs' attempt to confuse the issue, the City considered the breadth of public properties under its control and identified that area of public properties it has chosen to limit enforcement in those times when there is no available bed space. (*Larson Decl.*, para 12) *Martin* does not require the City to allow unsheltered persons to remain "at any time and at anyplace" (Martin (2019), p 9).

Plaintiffs seem intent on obfuscating the meaning of plain language and common sense interpretation of that language. AMC 12.46.040(A) identifies "portions of any street **right of way** that is not expressly reserved …" (emphasis added), and Plaintiffs simply read over the "right of way" or choose to misunderstand that the right of way is more broad that simply the area "expressly reserved for vehicular or pedestrian travel". (see e.g., *Larson Decl.* para 12)

In recognition of the extreme shortage of affordable housing and shelter in the City and the surrounding county, the City has not enforced its Public Camping Ordinance (*Larson Decl.*, para 6, 11). Members of the Aberdeen Police Department exercise discretion in enforcement of this Ordinance, as they exercise discretion based on their professional expertise in the regular course of their work. (*Larson Decl.*, para 14; *Shumate Decl.* para 34).

Plaintiffs have not produced a single instance of enforcement of public camping ordinance, or frankly of open violations of the City's permission for a limited number of individuals to shelter on the River Street property (see e.g., *Docket No. 12.* para 8; and *Docket No. 16.*, para 6).

Finally, as the Plaintiffs themselves admit (*Docket No. 11*, p 4, line 11, p 7 line 4-11), the City amended the Ordinance such that the penalty for infraction is a civil one. The City of

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 7
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

Aberdeen does not "criminalize sleeping, sitting, or lying in all public spaces, when no alternative sleeping space is available." (*Martin* (2019) at 8.)

The Obstruction of Street or Sidewalk ordinance is predicated on a need for life safety, and is limited to the actual free use and passage areas streets and sidewalks (as opposed to the "right of way" area noted above). Plaintiffs seem to argue that the City should allow unsheltered individuals to set up shelters in such a way that either they are within the free use and passage area of street (i.e., in traffic) or that those shelters be allowed to block the free use and passage of sidewalks, leading to an equally preposterous result of pedestrians being forced into the street rights of way. If the areas not dedicated to the actual use of vehicular traffic are also obstructed with public campers – then pedestrians would be forced to walk into vehicular traffic lanes. This cannot be a desirable outcome for any reasonable person.

Based on plain reading of the *Martin* decision, and as the ordinances are applied, the City's Public Camping and Street & Sidewalk Obstruction ordinances are constitutionally valid.

### 5.   *IMPUTED INTENT OF CITY COUNCIL TO REMOVE OR "BANISH"*

As "evidence" of conspiracy, Plaintiffs point to legislative language in the City's Public Camping Ordinance that no longer blames campers for "creating" a harm, and instead identifies that the *conduct* of camping contributes to public welfare issues. (*Docket No 11.*, pp 6-7). From that differentiation between the people and the acts, Plaintiffs imagine a machination in which not only is the City callous, but that it is intentionally removing and/or effectively banishing (*Id.*, pp 18-21), an entire subset of our community through exercise of its police powers. Plaintiffs would instead have the court prohibit the City from enforcing all restrictions of conduct on public properties for public safety purposes.

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 8
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

They also disregard a City code section passed last year (AMC 5.06, Exhibit B) expressly aimed at improving the quality of rental properties for all renters, including those seeking affordable housing. This is not the action of a Council intent on removing or banishing "poor" individuals from our community.

Plaintiffs cannot countenance that the entire 12-member City Council has other than nefarious intent when that body amended its municipal code sections related to public camping and obstruction of street and sidewalks. Instead, they rely on the declaration of a single person who cannot even name two of the three Council members she claims expressed opinions (*Docket No.* 17, para 8 naming "Tawny Lewis and Karen Rowe" as council members; there is no Lewis on City Council, but there is a Tawni Andrews (see, e.g., https://aberdeenwa.gov/government/city-council-members-2/ (last visited 05/01/219)).

Plaintiffs offer no proof that the opinions allegedly offered by three individuals on a twelve-member City Council were an accurate reflection of any intent other than public welfare and safety concerns to manage public properties on which public camping may be allowed when there is no alternative shelter bed available.

It is not reasonable to impute that all ordinances that may negatively impact unsheltered or "poor" people are based on the intent of City Council to remove or banish any group of people.

Banishment is, according to Black's Law dictionary, "a punishment **inflicted on criminals, by compelling them** to quit a city, place or country for a specified period of time, or for life." (emphasis added). As is clearly outlined above, the City is not inflicting a punishment

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 9
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

or compelling any individuals to leave the City – there remain opportunities for places to live and shelter in the City.

Plaintiffs' claims of banishment are, at best, grossly overstated and rely on their own interpretation of future enforcement of facially valid existing municipal law, and assumptions of future outcomes for a proposed one.

## 6. FUTURE COMBINED IMPACT

Plaintiffs assert that, *as may be applied in the future*, the enforcement of both facially valid public camping and street & sidewalk obstruction ordinances together with a *speculative* closure of admittedly unsafe nonpublic forum property piece necessarily results in unconstitutional (under both state and federal law) deprivation or infringement of rights of a variety of groups of people. Further, they string together a theory that this is the

The only way Plaintiffs' claims can survive is if the court agrees (a) that both ordinances are enforced at all times and against all people in violation of plain language of the ordinances and controlling law, <u>and</u> (b) that the City Council has intentionally passed these laws to have an impact on the ability of individuals to remain in the community, <u>and</u> (c) that the City cannot close a specific unsafe property without identifying specific acceptable shelter for all individuals there whose safety is also at risk.

In order to reach this extreme and unreasonable outcome, Plaintiffs require findings on three separate ordinances – one of which does not even currently exist – and to impute intent as to their purpose beyond the statements on their face.

## 7. TEMPORARY RESTRAINING ORDER

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 10
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

The "standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction." *Beaty v. Brewer,* 649 F.3d 1071, 1072 (9th Cir.2011). "A plaintiff seeking a preliminary injunction must establish that [ (1) ] he is likely to succeed on the merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of preliminary relief, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

The 9th Circuit applies a sliding standard of the test if there are serious questions going to the merits, that is a less-than-likely success on the merits. Serious questions are those that cannot be resolved at the hearing on the injunction, and as to which the Court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. *EEOC v. Evans Fruit Co.*, 2010 U.S. Dist. LEXIS 146991, at *21-22 (E.D. Wash. Oct 26, 2010). The sliding test is considered if the balance of hardships tips sharply in the movant's favor and the other two prongs are satisfied. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

    **i) Plaintiffs are not likely to succeed on the merits of their case**

Plaintiffs cannot establish a likelihood of success on the merits. A likelihood of success on the merits "requires more than a mere possibility that relief will be granted." *Nken v. Holder*, 556 U.S. 418, 420, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).

    (1) *Public Camping Ordinance and Streets & Sidewalks Ordinance Are Facially Valid*

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 11
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

Because the City's Public Camping Ordinance and Streets and Sidewalk obstructions do not violate clearly established constitutional law, Plaintiff claims cannot be said to be likely to succeed on the merits of their claims.

*(2) No Imputed Intent*

Because Plaintiffs offer only anecdotal and unattributed comments which cannot be verified to support claims regarding the intentions of City Council, their claims cannot be said to be likely to succeed on the merits of their claims.

### ii) Plaintiffs have not demonstrated Irreparable Harm

In *Winter v. NRDC,* 129 S.Ct. 365, 375 (2008), the Court explained that "plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." To support the entry of a preliminary injunction or temporary restraining order, irreparable harm must be "likely, not just possible." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir.2011). The Ninth Circuit has long held that "speculative injury does not constitute irreparable injury." *Colorado River Indian Tribes v. Parker,* 776 F.2d 846, 849 (1985). "[M]ere assertion of [constitutional] rights does not automatically require a finding of irreparable injury. It is the purposeful [act that] constitutes irreparable harm for preliminary injunction purposes." *CTIA-The Wireless Ass'n v. City of Berkeley, California,* 854 F.3d 1105, 1123 (9th Cir. 2017).

*(1) Speculative Impact of Bill 19-05*

Because the City has not yet passed Bill 19-05, and it may yet fail to pass into law or be amended, Plaintiffs claims cannot be said to have demonstrated irreparable harm, and should in fact be stricken.

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 12
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

*(2) Speculative Impact of Potential Future Enforcement*

Because the City has not, and in the foreseeable future will not, enforce terms of its facially valid Public Camping Ordinance, Plaintiffs cannot be said to have demonstrated irreparable harm.

*(3) Speculative Imputation of Intent to Remove or Banish*

Because Plaintiffs have not provided viable evidence of intent of the City Council to remove or banish any portion of the Aberdeen community, Plaintiffs cannot be said to have demonstrated irreparable harm.

### iii) Balance of Equities:

When "a district court balances the hardships of the public interest against a private interest, the public interest should receive greater weight." *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir.1989). Plaintiff here would have the private interests and rights of unsheltered, and only their families or spiritual advisors, to outweigh the public interest of the entire community -- including the life safety and welfare of the unsheltered living at the River Street property. Plaintiffs have failed to meet the balance of equities test.

### iv) Public Interest:

"The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider whether there exists come critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr. Of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 659 (9th Cir.2009) vacated and remanded on other grounds sub nom. *Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, ––– U.S. –––, 132 S.Ct. 1204, 182 L.Ed.2d 101 (2012).

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER - 13
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231

Plaintiffs has failed to establish a public interest that would be met through this Temporary Restraining Order.

## 8. BOND

Federal Rule of Civil Procedure 65(c) instructs that courts may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." If a TRO is issued, a bond should be required in an amount that would cover the potential liabilities in case of injury to person or property arising from campers remaining at the River Street property.

## 9. CONCLUSION

For the foregoing reason, Plaintiffs Motion for a Temporary Restraining Order should be denied.

Respectfully submitted this 1st day of May, 2019.

/s/ Mary Patrice Kent

Mary Patrice Kent, WSBA # 42460
200 E. Market Street, Aberdeen, WA 98520
pkent@aberdeenwa.gov
Tel: (360) 537-3231
Fax: (360)531-9137

AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 14
CASE # 3:19-CV-05322-RBL

Corporation Counsel, City of Aberdeen
200 E. Market St.
Aberdeen, WA 98520
Tel: (360)537-3231